UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

KENNETH ANDERSON                              CIVIL ACTION

VERSUS                                        NO: 11-812

GLOBALSANTAFE OFFSHORE                        SECTION: R(4)
SERVICES, INC.

                           **ORDER AND REASONS**

   Defendant Transocean Offshore USA Inc. ("TOUSA") moved for summary judgment on plaintiff Kenneth Anderson's claim of negligence.[1] Plaintiff does not oppose the motion. Because plaintiff has not demonstrated that genuine issues of fact exist, the Court GRANTS the motion.

**I.   BACKGROUND**

   This case arises out of an incident that occurred in connection with plaintiff's employment aboard the DEEPWATER FRONTIER. Anderson alleges that on August 10, 2010, he sustained a severe lower back injury while being transported via bus from Gadimoga, India to Rajahmundry, India.[2] The DEEPWATER FRONTIER rig was located off the coast of India. Workers were transported by road from the city of Rajahmundry, to a heliport on the coastline, from which they were flown to the rig. Anderson alleges that his injury occurred while being transported by bus

---

   [1] R. Doc. 72.

   [2] R. Doc. 1 at 4.

from the coastline back to Rajahmundry. He alleges that the bus was in poor condition and lacked proper seatbelts. Upon hitting a speed bump or washout in the road, Anderson says he was thrown into the air and then slammed down on his seat causing a herniation of his lumbar spinal discs. Anderson sought treatment in September 2010, the month after the injury, and underwent a microsurgical discectomy at the L5-S1 level of his spine. He subsequently underwent a lumbar fusion surgery on May 10, 2012. Anderson's complaint alleges that he was an employee of both defendant TOUSA and defendant GlobalSantaFe at the time of the injury.[3]

## II.   STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable

---

[3] *Id.*

inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts

showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325; *see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discover and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'")(citing *Celotex*, 477 U.S. at 332).

**III. DISCUSSION**

Anderson's complaint alleges that negligence of the defendants, including TOUSA, was the sole and proximate cause of his injury.[4] The standard for negligence under general maritime law requires the plaintiff to demonstrate that the defendant owed a duty to the plaintiff, breach of that duty, and a resulting injury. *Daigle v. L & L Marine Trans. Co.*, 322 F. Supp. 2d 717, 725 (E.D. La. 2004). Anderson has failed to point to any facts supporting a finding that TOUSA owed a duty of care to him. In the year and a half since the complaint was filed, Anderson has failed to adduce any evidence that TOUSA was his employer or that TOUSA has any role in this dispute. Neither Anderson nor any witness has mentioned anything about TOUSA. TOUSA has satisfied

---

[4] R. Doc. 1 at 4.

its burden of pointing out that the evidence in the record is insufficient with respect to the duty element of plaintiff's claim, and plaintiff has failed to set out specific facts showing that a genuine issue exists. *See Celotex*, 477, U.S. at 325. Accordingly, Court finds that TOUSA is entitled to judgment as a matter of law.

**IV. CONCLUSION**

For the foregoing reasons, defendant's motion is GRANTED.


New Orleans, Louisiana, this 18th day of December, 2012.

```
              _____
                   SARAH S. VANCE
              UNITED STATES DISTRICT JUDGE
```